1  Mitchell F. Boomer (State Bar No. 121441)
   Janine R. Hudson (State Bar No. 206671)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California  94105
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401

5  Attorneys for Defendant
   INTERNATIONAL BUSINESS MACHINES
6  CORPORATION

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  CV  08              1198

11  JONATHAN ROSENOER,              Case No.

12              Plaintiff,          NOTICE OF REMOVAL OF ACTION
                                    TO FEDERAL COURT
13      v.                          [28 U.S.C. §§ 1441(a)]

14  INTERNATIONAL BUSINESS MACHINES
    CORPORATION, a New York corporation; and
15  DOES 1 through 50,

16              Defendant.

17

18  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

19  DISTRICT OF CALIFORNIA:

20          PLEASE TAKE NOTICE that Defendant INTERNATIONAL BUSINESS

21  MACHINES CORPORATION ("Defendant" or "IBM") hereby removes to this Court the state

22  court action described below:

23          1.    On December 28, 2007, Plaintiff JONATHAN ROSENOER ("Plaintiff")

24  commenced the action entitled Jonathan Rosenoer   v. International Business Machines

25  Corporation, a New York corporation; and DOES 1 through 50, by filing a complaint

26  ("Complaint") against Defendant in the Superior Court of the State of California, County of San

27  Francisco, Case No. CGC 07-470547.

28          2.    Plaintiff's Complaint alleges the following causes of action: (1) recovery

                                         1

of unpaid wages pursuant to California Labor Code Section 201; (2) waiting time penalties pursuant to California Labor Code Section 203; and (3) breach of employment agreement.

3.    Defendant first received a copy of the Complaint on January 31, 2008, when Defendant was served with a copy of the Summons and Complaint.  A copy of the Summons and Complaint are attached hereto as **Exhibit A**.  A true copy of the case file from the San Francisco Superior Court, which includes an additional copy of the Complaint, as well as Defendant's timely filed Answer to the Complaint, is attached hereto collectively as **Exhibit B**.

4.    This Notice of Removal has been timely filed under 28 U.S.C. Section 1446(b) because it was filed within 30 days after Defendant's receipt of Plaintiff's Complaint.

5.    No further proceedings have occurred in the state action, other than the filing of the Complaint and Answer.

6.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332(a), and is one which may be removed to this Court by Defendant pursuant to the provisions of the 28 U.S.C. Section 1441(a) in that, as shown below, it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.    Without conceding that Plaintiff is entitled to damages or could recover damages in any amount, the amount in controversy in this action exceeds $75,000 based on the following:

    a.  Plaintiff seeks unpaid wages pursuant to California Labor Code Section 201. Specifically, Plaintiff claims he is owed the remaining portion of his 2006 annual incentive bonus in the amount of $69,375.00. (Complaint, ¶¶14-19)

    b.  Plaintiff also seeks waiting time penalties for the unpaid bonus amount pursuant to California Labor Code Section 203.  Without conceding Plaintiff's entitlement to such penalties or the accuracy of his calculation, Plaintiff claims he is entitled to $7,602 in penalties for Defendant's alleged failure to pay the remaining portion of his annual incentive bonus. (Complaint, ¶¶ 22 – 24)

2

c.  Finally, Plaintiff seeks damages in the amount of at least $11,010.00 for alleged breach of employment contract arising from Defendant's alleged cancellation of Plaintiff's sale of stock following his departure from the Company in January 2007.  Plaintiff claims the value of the IBM stock at the time of the alleged sale was at least $11,010.00, and is entitled to greater sums subject to proof at the time of trial.  (Complaint, ¶¶ 26 – 29)

d.  Plaintiff also seeks an unspecified amount of attorney's fees pursuant to California Labor Code Section 218.5.   (Complaint, ¶ 20)  "Attorney's fees may be included in the amount of controversy if recoverable by statute or contract."  *Simmons v. PCR Technology,* 209 F. Supp.2d 1029, 1034 (N.D. Cal. 2002).

8.  This action is between citizens of different states, in that Defendant IBM is informed and believes that Plaintiff Jonathan Rosenoer was at the time the action commenced, and still is, a citizen of the State of California, and currently residing and working in the country of Luxembourg.

9.  Defendant IBM was at the time the action commenced, and still is, a citizen of the State of New York under 28 U.S.C. Section 1332(c), in that its principal place of business was, and still is, in the State of New York.   IBM is a multinational computer technology corporation that manufactures and sells computer hardware and software, and offers infrastructure services, hosting services, and consulting services in areas ranging from mainframe computers to nanotechnology.   IBM is headquartered in Armonk, New York.

10.  The inclusion of "Doe" defendants in the state court complaint has no effect on removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  28 U.S.C. Section 1441(a).

11.  Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. Section 1441(a) and Section 1391(a) because the state action was filed in San Francisco County, a county within this judicial district, and the action arose within this judicial district.

3

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
[28 U.S.C. §1441(a)]                                    Case No.

12.    For all the foregoing reasons, this Court has original jurisdiction over this matter under 28 U.S.C. Sections 1332 and 1441(a).

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court for the State of California, County of San Francisco, be removed to this Court.

DATED: February 28, 2008

Respectfully submitted,

JACKSON LEWIS LLP

By _____
    Mitchell F. Boomer
    Janine R. Hudson

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

4

# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/31/2008
CT Log Number 513039118

**TO:**  Alec S Berman, Attorney
IBM Corporation
1133 Westchester Avenue, MD-140
White Plains, NY 10604

**RE:**  **Process Served in California**

**FOR:**  International Business Machines Corporation (Domestic State: NY)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jonathan Rosenoer, etc., Pltf. vs. International Business Machines Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Attachment(s), Stipulation Form, Statement Form |
| **COURT/AGENCY:** | San Francisco County- San Francisco, Superior Court, CA<br>Case # CGC07470547 |
| **NATURE OF ACTION:** | Employee Litigation - Unpaid waged - Seeking Amount $69,375.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/31/2008 at 15:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Darin T. Judd<br>Lippenberger, Thompson, Welch, Soroko & Gilbert LLP<br>201 Tamal Vista Blvd.<br>Corte Madera, CA 94925<br>415 927 5200 |
| **ACTION ITEMS:** | Telephone, Alec S Berman , 914-642-5847<br>SOP Papers with Transmittal, via Fed Ex Standard Overnight . 798864747914 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**EXHIBIT A**

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JONATHAN ROSENOER, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California - San Francisco County<br>400 McAllister Street<br><br>San Francisco, California 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-07-470547 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Darin T. Judd                                    (415) 927-5200
Lippenberger, Thompson, Welch, Soroko & Gilbert LLP
201 Tamal Vista Blvd.
Corte Madera, CA  94925

| DATE:<br>*(Fecha)* | DEC 2 8 2007 | Gordon Park-Li | Clerk, by<br>*(Secretario)* | P. NATT | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (r
            ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (c
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (:
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

DARIN T. JUDD (SBN 160475)
ERIC D. McFARLAND (SBN 214245)
LIPPENBERGER, THOMPSON, WELCH,
    SOROKO & GILBERT LLP
201 Tamal Vista Blvd.
Corte Madera, CA 94925-1110
Telephone: (415) 927-5200
Facsimile: (415) 927-5210

Attorneys for Plaintiff
JONATHAN ROSENOER

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 2 8 2007

GORDON PARK-LI, Clerk
BY: _____
PARAM NATT
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

MAY 3 0 2008 - 9:00 AM

DEPARTMENT 212

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE CITY & COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JONATHAN ROSENOER, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION, a New York<br>corporation; and DOES 1 through 50,<br>inclusive,<br><br>              Defendant. | NO. C G C - 0 7 - 4 7 0 5 4 7<br><br>COMPLAINT FOR:<br><br>1.   Recovery of Unpaid Wages;<br><br>2.   Waiting Time Penalties; and<br><br>3.   Breach of Employment<br>      Agreement. |

Plaintiff alleges:

## PARTIES

1.    Plaintiff JONATHAN ROSENOER, is an individual, and former employee of defendant INTERNATIONAL BUSINESS MACHINES CORPORATION.

2.    Plaintiff is informed and believes and thereon alleges that defendant INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM"), is a New York

1   corporation that is authorized and doing business in the State of California. IBM did business with

2   Plaintiff in the State of California by hiring him as a Global Operational Resilience & Risk

3   Executive in 2004, with Mr. ROSENOER working out of IBM's San Francisco, California office.

4        3.    Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES

5   1 through 50, and therefore, sues these Defendants by such fictitious names. Plaintiff will amend

6   this complaint to allege their true names and capacities when they are ascertained.

7        4.    At all times herein mentioned, each and every Defendant acted as the agent and/or

8   employee of the other Defendants, and in doing things herein alleged was acting within the course

9   and scope of such agency and/or employment and with the permission and consent of all co-

10  Defendants.

11  **GENERAL ALLEGATIONS**

12       5.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

13  through 4 of this complaint.

14       6.    On or about March 9, 2004, IBM hired Mr. ROSENOER as an employee. Prior to

15  Plaintiff beginning his employment, IBM confirmed in writing the terms of employment in a letter

16  dated March 5, 2004. (A true and correct copy of the March 5, 2004 letter and attachment are

17  attached hereto as **Exhibit A**, and incorporated herein by this reference.) The attachment included

18  with the March 5, 2004 letter confirmed that IBM agreed to pay Plaintiff a base salary of $185,000

19  and an annual bonus of $92,500, the bonus being paid on a quarterly basis. (See **Exhibit A**.) The

20  attachment further confirms that as part of the terms of his employment, Mr. ROSENOER would

21  also receive a stock option grant of 2,000 shares of IBM stock. (*Id.*)

22       7.    Mr. ROSENOER began his employment with IBM on March 9, 2004. During the full

23  course of his employment, Plaintiff was based out of the IBM company office located at 425 Market

24  Street, San Francisco, California. The business cards, office phone, and mailing address for Mr.

25  ROSENOER while employed by IBM were based out of IBM's Market Street office in San

26  Francisco.

8.      During the last few months of 2006, Plaintiff spoke with his supervisor, Phil Guido of IBM, about the fact that Plaintiff was inclined to leave his employment with IBM.  In December of 2006, Mr. ROSENOER advised Mr. Guido and later confirmed in writing that he would be leaving IBM to join a public accounting firm, KPMG, to be based outside of the United States, in Luxembourg.  Mr. ROSENOER worked for IBM through the end of 2006.  Plaintiff's last day of work at IBM was January 1, 2007.

9.      After leaving IBM, Plaintiff requested payment of the entire bonus he earned for 2006.  IBM paid Mr. ROSENOER his bonus for the first quarter of 2006, but failed to pay him the balance due for 2006.  The total sum unpaid and due to Plaintiff for his 2006 bonus is $69,375.00.

10.     On or about January 29, 2007, in response to Plaintiff's demand for payment of his bonus, IBM informed him in writing that it would not pay the remaining balance of the 2006 bonus earned by Plaintiff, claiming that Mr. ROSENOER had joined a "competitor."  (A true and correct copy of the email from IBM is attached hereto as **Exhibit B**, and incorporated herein by this reference.)  The email surprised Plaintiff because California law specifically prohibits noncompetition clauses from being enforced against California employees such as Plaintiff, and because in all Plaintiff's conversations with his direct manager, and at no time prior to that, had Plaintiff been advised that he would be ineligible for his 2006 bonus if he left the company after it was earned.  Notwithstanding the fact that non-competes violate California law, Plaintiff was further suprised that IBM would seek to enforce a non-compete that was completely undefined, in terms of geographic scope or duration, or even in terms of who might be considered a competitor.

11.     After receiving IBM's email response Plaintiff asked IBM for documentation specifying the definition of a "competitor."  Plaintiff was told that there is no definition of a competitor that was available for him to review.  Plaintiff inquired further, but received no answer, as to how he would be in competition working for a public audit firm, KPMG, as opposed to the world's largest computer company.  The absurdity of IBM's belated and self-imposed "condition" is further illustrated on a geographic basis.  Mr. ROSENOER accepting a position as a partner in a

1    Luxembourg firm is distinct from working in the United States as an employee of an American

2    company. In an effort to informally resolve the unpaid bonus issue Plaintiff advised IBM that

3    non-competition agreements are not valid and against public policy with reference to regular

4    employees in California. IBM refused and failed to respond to this information.

5        12.    Importantly, IBM's email response confirms that its improper denial is based solely

6    upon the specious conclusion that Mr. ROSENOER went to work for a "competitor," and that there

7    exists no other reason to withhold payment of the 2006 bonus Plaintiff earned.

8        13.    Immediately after leaving IBM, Plaintiff used the IBM process to exercise the stock

9    options granted to him, and to sell the IBM stock granted to him at hire. Plaintiff attempted to

10   exercise the stock options and sell the stock within the timelines prescribed by IBM. However,

11   Plaintiff was later informed that the sale had been cancelled because he had joined a "competitor."

12   Again, Mr. ROSENOER was told that there is no definition of a competitor that IBM could refer him

13   to. Plaintiff is informed and believes, and on that basis alleges, that the value of the stock IBM

14   improperly cancelled and precluded him from selling was $11,010.00 as of January 9, 2007.

15

16                            **FIRST CAUSE OF ACTION**

17                            **(Recovery of Unpaid Wages)**

18       14.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

19   through 13 of this complaint.

20       15.    Beginning on or about March 9, 2004 and continuing until January 1, 2007, Plaintiff

21   was employed by defendant at defendant's office located in San Francisco, California, in the City &

22   County of San Francisco.

23       16.    Plaintiff's employment was pursuant to a written employment agreement. The terms

24   of that agreement as related to Plaintiffs's compensation were that IBM agreed to pay Plaintiff a base

25   salary of $185,000 and an annual bonus of $92,500, the bonus being paid on a quarterly basis. (See

26   **Exhibit A.**)

17.     Effective January 2, 2007, Plaintiff resigned from his employment with IBM. Plaintiff gave notice of his intent to resign in December of 2006.

18.     On January 2, 2007, at the time that Plaintiff resigned, Plaintiff had last been paid accrued wages related to his annual incentive bonus through June of 2006, and was owed wages for the remaining unpaid portion of the 2006 annual incentive bonus in the amount of $69,375.00, as provided for in the employment agreement. (See **Exhibit A.**)

19.     At the time of termination, defendant IBM failed to pay Plaintiff all of the amounts due, as set forth in Paragraph 18. Defendant's failure to pay the full amount due Plaintiff on termination violates the provisions of Labor Code Section 201. There is now due and owing to Plaintiff the sum of $69,375.00. Defendant has failed and refused, and continues to fail and refuse, to pay the amount due, and greater sums subject to proof at the time of trial.

20.     Pursuant to Labor Code Section 218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

21.     Pursuant to Labor Code Section 218.6, Plaintiff requests that the court award Plaintiff interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as set forth fully in the prayer of this complaint.

## SECOND CAUSE OF ACTION
### (Waiting Time Penalties Under Labor Code Section 203)

22.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 13 of this complaint.

23.     The defendant's failure to pay wages, as alleged in Paragraph 18, was willful in that IBM informed Plaintiff that it would not pay the remaining balance of the 2006 bonus earned by Plaintiff, claiming that Mr. ROSENOER had joined a "competitor." This contention is without merit

1   or any good cause as IBM failed to provide any documentation related to Plaintiff's employment

2   agreement that allowed them to take its specious position, no one at IBM ever advised Plaintiff that a

3   condition to receive his 2006 incentive bonus precluded him from working for a "competitor," and

4   that IBM's unilaterally imposed "non-competition" agreement is invalid and against public policy

5   with reference to regular employees in California.  Accordingly, IBM's failure and refusal to

6   promptly pay all of Plaintiff's wages at the time of his resignation entitling Plaintiff to penalties

7   under Labor Code Section 203, which provides that an employee's wages shall continue as a penalty

8   until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

9          24.      Defendant failed to pay Plaintiff the sum of $69,375.00 at the time of Mr.

10  ROSENOER's resignation, and has failed and refused to pay those sums for more than 30 thereafter.

11  Pursuant to the provisions of Labor Code Section 203, Plaintiff is entitled to a penalty in the amount

12  of $7,602, which is his daily rate multiplied by 30 days.

13         WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as set

14  forth fully in the prayer of this complaint.

15

16                          **THIRD CAUSE OF ACTION**
                 **(Breach of Employment Agreement-Cancellation of Stock Options)**

17
18         25.      Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

    through 13 of this complaint.
19
20         26.      The terms of the offer of an employment tendered to Plaintiff by IBM expressly

    states:
21
22              Your management has requested you receive a stock option grant of
                2,000 shares of IBM stock to be granted during one of the three annual
                stock option grant cycles after your employment commences.  The
23              grant is subject to appropriate senior management approvals.

24  (See **Exhibit A**, page 3, second paragraph.)  Plaintiff accepted the offer and began his employment

25  on March 9, 2004.  IBM later granted the Mr. ROSENOER the promised stock option.

26  ///

27.    After leaving IBM, Plaintiff exercised the stock options granted to him by IBM as part of his compensation while an IBM employee.  Following the exercise of the stock option granted Plaintiff by IBM, Mr. ROSENOER attempted to sell the stock.  However, Plaintiff was later informed that the sale had been improperly cancelled by IBM, once again the stated reason being that Plaintiff had joined a "competitor."  IBM's cancellation of the stock options granted represents an express breach of the terms of IBM's offer of employment accepted by Plaintiff when he began his employment on March 9, 2004.

28.    Plaintiff is informed and believes, and on that basis alleges, that the value of the stock IBM improperly cancelled and precluded him from selling was $11,010.00 as of January 9, 2007.  Accordingly, as a result of IBM improper cancelling of the stock options granted, Plaintiff has been damaged at least $11,010.00, and greater sums subject to proof at the time of trial.

29.    Plaintiff fully performed all terms associated with the offer of employment tendered to him, and related to the promised grant of a stock option from IBM for 2,000 shares of IBM stock.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as set forth fully in the prayer of this complaint.

## PRAYER

**WHEREFORE**, Plaintiff JONATHAN ROSENOER demands judgment against Defendants, and each of them, as to his Recovery of Unpaid Wages, as follows:

1.    For compensatory damages in the amount of $69,375.00, representing wages and other compensation owed to Plaintiff on January 1, 2007;

2.    For interest on the amount of $69,375.00 from January 1, 2007;

3.    For reasonable attorney's fees pursuant to Labor Code Section 218.5;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the court may deem appropriate.

///

///

*Complaint for Recovery of Unpaid Wages, et al.*

As to Plaintiff's Second Cause of Action for Waiting Time Penalties demands judgment against defendants as follows:

1. For penalties in the amount of $7,602.00 pursuant to Labor Code Section 203;

2. For interest on the amount;

3. For reasonable attorney's fees pursuant to Labor Code Section 218.5;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court may deem appropriate.

As to Plaintiff's Third Cause of Action for Breach of Contract demands judgment against defendants as follows:

1. Compensatory damages in the amount of $11,010.00, representing the value of the stock IBM improperly cancelled and precluded Plaintiff from selling as of January 9, 2007.

2. For interest on the amount of $11,010.00 from January 9, 2007;

3. For reasonable attorney's fees pursuant to Labor Code Section 218.5;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court may deem appropriate.

DATED: December 27, 2007           LIPPENBERGER, THOMPSON, WELCH,
                                   SOROKO & GILBERT LLP


                                   By: _____
                                        Darin T. Judd
                                        Attorneys for Plaintiff
                                        JONATHAN ROSENOER

*Complaint for Recovery of Unpaid Wages, et al.*                    8

**EXHIBIT A**

Aug 30 07 02:00a    Jon .an Rosenoer    707-9( 8200    P.1

  3/9/04

9A5612

3009 Cornwallis Road
Research Triangle Park, NC 27709

March 5, 2004

9A5612
3|9|04

Jonathan Rosenoer
34 Meadowhill Drive
Tiburon, CA 94920

Dear Jonathan:

Congratulations!  We are delighted that you have decided to join IBM.

Attached are the details of your offer, start date and other key information for your first
day of employment.

We encourage you to access IBM's Pre-employment Connections site prior to your start
date. The site has been designed to provide you with the tools and resources necessary to
onboard and get connected fast. Find out more by accessing the website at:

http://www.ibm.com/employment/us/newhire/regular_welcome.shtml

Please contact us immediately if you have any questions.

Sincerely,

Karey Phipps
Staffing, 800-334-0435 x 64474

CC June Y. Felix

Attachment

March 5, 2004

Attachment to the IBM offer letter to Jonathan Rosenoer for the position of Global Operational Resilience & Risk Executive reporting to June Y. Felix.

The elements of your employment offer are:

This position provides you the opportunity to participate in IBM's Solution Sales Incentive Plan. Under this incentive plan, and based on a full year of employment with IBM, your annual on-target earnings (OTE) is estimated to be $277,500.00. This is the sum of your base salary and target incentive (T/I). This target assumes you achieve 100 percent of your Personal Contribution Objectives as set by your manager and could also include a business performance element. For your reference, your annual base salary is $185,000.00 and your target incentive is $92,500.00.

IBM's incentive plan is designed to drive results focusing on growth and market share. Over-achievement of your incentive objectives can result in significant upside earnings. Incentive payments are earned quarterly.

An internal calculation is made that determines what the base salary would be for your position if you weren't on an incentive plan. In your case, this is a monthly salary of $15,416.70, prorated based on your start date. Those times you aren't eligible for an incentive plan include your first partial month of employment, if you are in training, waiting for a territory assignment, or moving to a position not on an incentive plan. In addition, the internal salary calculation is also used to determine your benefits package.

The IBM company's obligation to make any payment under the Incentive Plan is subject to the condition that you are an active employee of the Company at the end of the period being measured. The exceptions are retirement under a Company Plan, approved leave of absence, death or medical disability. Full details on the terms and conditions of the IBM Sales Incentive Plan will be made available to you upon joining IBM. IBM reserves the right to modify or cancel this program at any time.

As has been discussed, it is not imperative that you relocate to the New York-area at this time. Because of the global nature of your responsibilities, you will need to travel a significant amount of time. However, we may mutually determine over the course of the next year that it would be preferable to have you relocate to the New York-area to more effectively perform in your role. In the event that we come to that conclusion, we will offer you the IBM Mobility Plan in effect at that time.

You will also have the opportunity to participate in IBM benefits. This is an exempt position which means you will not be entitled to overtime compensation. For detailed information on IBM Health Care benefits, visit the Health Care Benefits at IBM site at http://www.ibm.com/employment/us/benefits/.



If you have additional benefits questions after visiting our website, please contact the Employee Services Center at 1-800-796-9876. The Employee Services Center is available weekdays from 8 a.m. to noon, and 2 p.m. to 8 p.m. Eastern time. The text telephone (TTY) at 1-800-426-6537 is available from 8 a.m. to 6 p.m.

Your management has requested you receive a stock option grant of 2,000 shares of IBM stock to be granted during one of three annual stock option grant cycles after your employment commences. The grant is subject to appropriate senior management approvals. Under our plans, options are granted at a price per share determined on the grant date. Stock options are subject to the terms and conditions of the award agreement and the associated Long-Term Performance Plan, which will be provided to you along with additional details, following the date of your grant.

We anticipate your start date to be March 9, 2004.

On your first day of employment, please report to 425 Market St., San Francisco, California. You will meet with Ray Cartwright to complete your paperwork. For further details, please contact Ray at (408) 927-1475.

As is customary at IBM, this offer is contingent upon the completion of our preemployment process: verification of your application materials and your ability to work for IBM without restriction (which means you do not have non-compete obligations or other restrictive clause with your current or former employer; or any non-compete or other restrictions have been disclosed by you and resolved to IBM's satisfaction). In the event the position you are being considered for requires you to operate an IBM owned/leased vehicle, your offer is also contingent upon a review of your driving record. Your employment with IBM will not begin until you have successfully cleared this process.

Your employment is also contingent upon your compliance with the U.S. immigration law. The law requires you to complete the U.S. Government Employment Eligibility Verification form (I-9), and to provide on your first day of employment documents that verify your identity and employment eligibility. For a list of the acceptable documents, refer to the enclosed sample. You must bring the appropriate documentation with you on your first day, as you will be unable to start work without them.

On your first day of employment you will be provided with a copy of IBM's Drug Free Workplace statement as well as a copy of IBM's drug and alcohol testing policy. In addition, you will be required to sign IBM's form regarding confidential information and intellectual property. If you would like to review or discuss this document in advance, please contact me.

IBM employees are required to comply with IBM's Business Conduct Guidelines and to certify that they have read them. Regular IBM employees should also read the current version of the on-line booklet, About Your Job (especially the section entitled Harassment & Inappropriate Behavior) and of the various on-line About Your Benefits



(AYB) booklets, which together replace the content of all prior IBM employee handbooks. You will receive some of these documents in hard copy form during your new employee orientation. Once you have authorized access to the IBM Intranet, you will be able to read and/or print the contents of these documents, via Formal HR Documents on the HR Homepage (http://w3.ibm.com/hr). You may also ask your manager to print a copy for you.

Please read Attachments A&B which refer to IBM's affirmative action programs for individuals with disabilities, special disabled veterans, veterans of the Vietnam era, or Other Covered Veterans included under the amended Veterans Employment Opportunities Act of 1998.

To facilitate the process of transmitting your salary and other compensation payments to you on a timely basis, please bring, if available, your bank/financial institution account information to designate where you want your funds directly deposited via Electronic Funds Transfer.



**EXHIBIT B**

Aug 30 07 02:03a    Jon   .an Rosenoer         707-9  8200          p.1

## Lori Kantor

| | |
|---|---|
| **From:** | jonathan rosenoer [jrosenoer@gmail.com] |
| **Sent:** | Monday, January 29, 2007 6:57 AM |
| **To:** | Lori Kantor |
| **Subject:** | Fwd: IBM response |

----------- Forwarded message -----------
From: RUSSELL E MANDEL <rmandel@us.ibm.com>
Date: Jan 29, 2007 4:59 AM
Subject:
To: jonathan rosenoer <jrosenoer@gmail.com>

Dear Mr. Rosenoer,

I have investigated your concerns regarding your "incentive/bonus" payout for your performance in 2006. I have found that you received your incentive through June in accordance with the Solution Sales Incentive Plan that you were on through June, 2006. I also found that you were fairly placed on the 2006 "U.S. Performance Bonus Program" when you transferred positions in June 2006; and that you were correctly denied a performance bonus in that you joined an IBM competitor when you resigned and as the performance bonus plan document states "...at any time prior to receiving a performance bonus payment, employees who render service to any organization...that is competitive to or in conflict with the interests of IBM, as determined solely by IBM, will not be eligible for a performance bonus payment in 2007 for the 2006 plan year."

While I know this is not the answer you had hoped for, please accept my best wishes for the future.

Russell E. Mandel
Consulting Human Resources Professional
Global Employee Relations
MD 4303
Route 100, Somers, N. Y., 10589
914-766-4170 (t/l 826-4170); Fax: 914-766-8461

2/7/2007

# EXHIBIT B

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTERNATIONAL BUSINESS MACHINES CORPORATION, a New
York corporation; and DOES 1 through 50, inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JONATHAN ROSENOER, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California - San Francisco County
400 McAllister Street

San Francisco, California 94102

CASE NUMBER:
*(Número del Caso):* CGC-07-470547

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Darin T. Judd                                   (415) 927-5200
Lippenberger, Thompson, Welch, Soroko & Gilbert LLP
201 Tamal Vista Blvd.
Corte Madera, CA  94925

DATE:        DEC 2 8 2007    Gordon Park-Li    Clerk, by _____ P. NATT _____ , Deputy
*(Fecha)*                                       *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT B**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Darin T. Judd (SBN 160475)<br>Lippenberger, Thompson, Welch, Soroko & Gilbert LLP<br>201 Tamal Vista Blvd.<br><br>Corte Madera, CA 94925<br>TELEPHONE NO.: (415) 927-5200   FAX NO.: (415) 927-5210<br>ATTORNEY FOR *(Name)*: JONATHAN ROSENOER | **FILED**<br>San Francisco County Superior Court<br>DEC 2 8 2007<br>GORDON PARK-LI, Clerk<br>BY: _Param Natt_<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME:

CASE NAME: JONATHAN ROSENOER v. INTERNATIONAL BUSINESS
MACHINES CORPORATION

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | CASE NUMBER: CGC-07-470547 |
|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify)*: Three

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 28, 2007

Darin T. Judd (SBN 160475)
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or
   toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (*not civil
   harassment*) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
   Contract/Warranty Breach—Seller
      Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally
   complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent
   domain, landlord/tenant, or
   foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or
   Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (*arising from provisionally
   complex case type listed above*)
   (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment (*non-
      domestic relations*)
   Sister State Judgment
   Administrative Agency Award
      (*not unpaid taxes*)
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
   above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-
      harassment*)
   Mechanics Lien
   Other Commercial Complaint
      Case (*non-tort/non-complex*)
   Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (*not specified above*)
   (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

1  DARIN T. JUDD (SBN 160475)
   ERIC D. McFARLAND (SBN 214245)
2  LIPPENBERGER, THOMPSON, WELCH,
        SOROKO & GILBERT LLP
3  201 Tamal Vista Blvd.
   Corte Madera, CA 94925-1110
4  Telephone: (415) 927-5200
   Facsimile:  (415) 927-5210 CASE MANAGEMENT CONFERENCE SET
5

6  Attorneys for Plaintiff            MAY 3 0 2008 -9ᵒᵒAM        P. NATT
   JONATHAN ROSENOER
7

8                      DEPARTMENT 212

   SUMMONS ISSUED
   F I L E D
   San Francisco County Superior Court

   DEC 2 8 2007

   GORDON PARK-LI, Clerk
   BY: _____
                    Deputy Clerk

9          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

           IN AND FOR THE CITY & COUNTY OF SAN FRANCISCO
10

11 JONATHAN ROSENOER, an individual,  )    NO.  CGC-07-470547
12                                     )
                                       )
13                  Plaintiff,         )    COMPLAINT FOR:
                                       )
14                                     )    1.  Recovery of Unpaid Wages;
       vs.                             )
15                                     )    2.  Waiting Time Penalties; and
                                       )
16 INTERNATIONAL BUSINESS             )    3.  Breach of Employment
   MACHINES CORPORATION, a New York   )        Agreement.
17 corporation; and DOES 1 through 50, )
   inclusive,                          )
18                                     )
                                       )
19                  Defendant.         )
                                       )
20 _____)

21      Plaintiff alleges:

22                           PARTIES

23      1.      Plaintiff JONATHAN ROSENOER, is an individual, and former employee of

24 defendant  INTERNATIONAL BUSINESS MACHINES CORPORATION.

25      2.      Plaintiff is informed and believes and thereon alleges that defendant

26 INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM"), is a New York

BY FAX

1   corporation that is authorized and doing business in the State of California. IBM did business with

2   Plaintiff in the State of California by hiring him as a Global Operational Resilience & Risk

3   Executive in 2004, with Mr. ROSENOER working out of IBM's San Francisco, California office.

4           3.      Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES

5   1 through 50, and therefore, sues these Defendants by such fictitious names. Plaintiff will amend

6   this complaint to allege their true names and capacities when they are ascertained.

7           4.      At all times herein mentioned, each and every Defendant acted as the agent and/or

8   employee of the other Defendants, and in doing things herein alleged was acting within the course

9   and scope of such agency and/or employment and with the permission and consent of all co-

10  Defendants.

## GENERAL ALLEGATIONS

12          5.      Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

13  through 4 of this complaint.

14          6.      On or about March 9, 2004, IBM hired Mr. ROSENOER as an employee. Prior to

15  Plaintiff beginning his employment, IBM confirmed in writing the terms of employment in a letter

16  dated March 5, 2004. (A true and correct copy of the March 5, 2004 letter and attachment are

17  attached hereto as **Exhibit A**, and incorporated herein by this reference.) The attachment included

18  with the March 5, 2004 letter confirmed that IBM agreed to pay Plaintiff a base salary of $185,000

19  and an annual bonus of $92,500, the bonus being paid on a quarterly basis. (See **Exhibit A**.) The

20  attachment further confirms that as part of the terms of his employment, Mr. ROSENOER would

21  also receive a stock option grant of 2,000 shares of IBM stock. (*Id.*)

22          7.      Mr. ROSENOER began his employment with IBM on March 9, 2004. During the full

23  course of his employment, Plaintiff was based out of the IBM company office located at 425 Market

24  Street, San Francisco, California. The business cards, office phone, and mailing address for Mr.

25  ROSENOER while employed by IBM were based out of IBM's Market Street office in San

26  Francisco.

8.    During the last few months of 2006, Plaintiff spoke with his supervisor, Phil Guido of IBM, about the fact that Plaintiff was inclined to leave his employment with IBM. In December of 2006, Mr. ROSENOER advised Mr. Guido and later confirmed in writing that he would be leaving IBM to join a public accounting firm, KPMG, to be based outside of the United States, in Luxembourg. Mr. ROSENOER worked for IBM through the end of 2006. Plaintiff's last day of work at IBM was January 1, 2007.

9.    After leaving IBM, Plaintiff requested payment of the entire bonus he earned for 2006. IBM paid Mr. ROSENOER his bonus for the first quarter of 2006, but failed to pay him the balance due for 2006. The total sum unpaid and due to Plaintiff for his 2006 bonus is $69,375.00.

10.    On or about January 29, 2007, in response to Plaintiff's demand for payment of his bonus, IBM informed him in writing that it would not pay the remaining balance of the 2006 bonus earned by Plaintiff, claiming that Mr. ROSENOER had joined a "competitor." (A true and correct copy of the email from IBM is attached hereto as **Exhibit B**, and incorporated herein by this reference.) The email surprised Plaintiff because California law specifically prohibits noncompetition clauses from being enforced against California employees such as Plaintiff, and because in all Plaintiff's conversations with his direct manager, and at no time prior to that, had Plaintiff been advised that he would be ineligible for his 2006 bonus if he left the company after it was earned. Notwithstanding the fact that non-competes violate California law, Plaintiff was further suprised that IBM would seek to enforce a non-compete that was completely undefined, in terms of geographic scope or duration, or even in terms of who might be considered a competitor.

11.    After receiving IBM's email response Plaintiff asked IBM for documentation specifying the definition of a "competitor." Plaintiff was told that there is no definition of a competitor that was available for him to review. Plaintiff inquired further, but received no answer, as to how he would be in competition working for a public audit firm, KPMG, as opposed to the world's largest computer company. The absurdity of IBM's belated and self-imposed "condition" is further illustrated on a geographic basis. Mr. ROSENOER accepting a position as a partner in a

1 Luxembourg firm is distinct from working in the United States as an employee of an American

2 company. In an effort to informally resolve the unpaid bonus issue Plaintiff advised IBM that

3 non-competition agreements are not valid and against public policy with reference to regular

4 employees in California. IBM refused and failed to respond to this information.

5      12. Importantly, IBM's email response confirms that its improper denial is based solely

6 upon the specious conclusion that Mr. ROSENOER went to work for a "competitor," and that there

7 exists no other reason to withhold payment of the 2006 bonus Plaintiff earned.

8      13. Immediately after leaving IBM, Plaintiff used the IBM process to exercise the stock

9 options granted to him, and to sell the IBM stock granted to him at hire. Plaintiff attempted to

10 exercise the stock options and sell the stock within the timelines prescribed by IBM. However,

11 Plaintiff was later informed that the sale had been cancelled because he had joined a "competitor."

12 Again, Mr. ROSENOER was told that there is no definition of a competitor that IBM could refer him

13 to. Plaintiff is informed and believes, and on that basis alleges, that the value of the stock IBM

14 improperly cancelled and precluded him from selling was $11,010.00 as of January 9, 2007.

15

16                      **FIRST CAUSE OF ACTION**

17                      **(Recovery of Unpaid Wages)**

18      14. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

19 through 13 of this complaint.

20      15. Beginning on or about March 9, 2004 and continuing until January 1, 2007, Plaintiff

21 was employed by defendant at defendant's office located in San Francisco, California, in the City &

22 County of San Francisco.

23      16. Plaintiff's employment was pursuant to a written employment agreement. The terms

24 of that agreement as related to Plaintiffs's compensation were that IBM agreed to pay Plaintiff a base

25 salary of $185,000 and an annual bonus of $92,500, the bonus being paid on a quarterly basis. (See

26 Exhibit A.)

17.    Effective January 2, 2007, Plaintiff resigned from his employment with IBM. Plaintiff gave notice of his intent to resign in December of 2006.

18.    On January 2, 2007, at the time that Plaintiff resigned, Plaintiff had last been paid accrued wages related to his annual incentive bonus through June of 2006, and was owed wages for the remaining unpaid portion of the 2006 annual incentive bonus in the amount of $69,375.00, as provided for in the employment agreement.  (See Exhibit A.)

19.    At the time of termination, defendant IBM failed to pay Plaintiff all of the amounts due, as set forth in Paragraph 18. Defendant's failure to pay the full amount due Plaintiff on termination violates the provisions of Labor Code Section 201.  There is now due and owing to Plaintiff the sum of $69,375.00. Defendant has failed and refused, and continues to fail and refuse, to pay the amount due, and greater sums subject to proof at the time of trial.

20.    Pursuant to Labor Code Section 218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

21.    Pursuant to Labor Code Section 218.6, Plaintiff requests that the court award Plaintiff interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as set forth fully in the prayer of this complaint.


## SECOND CAUSE OF ACTION
### (Waiting Time Penalties Under Labor Code Section 203)

22.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 13 of this complaint.

23.    The defendant's failure to pay wages, as alleged in Paragraph 18, was willful in that IBM informed Plaintiff that it would not pay the remaining balance of the 2006 bonus earned by Plaintiff, claiming that Mr. ROSENOER had joined a "competitor." This contention is without merit

1  or any good cause as IBM failed to provide any documentation related to Plaintiff's employment

2  agreement that allowed them to take its specious position, no one at IBM ever advised Plaintiff that a

3  condition to receive his 2006 incentive bonus precluded him from working for a "competitor," and

4  that IBM's unilaterally imposed "non-competition" agreement is invalid and against public policy

5  with reference to regular employees in California.  Accordingly, IBM's failure and refusal to

6  promptly pay all of Plaintiff's wages at the time of his resignation entitling Plaintiff to penalties

7  under Labor Code Section 203, which provides that an employee's wages shall continue as a penalty

8  until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

9      24.    Defendant failed to pay Plaintiff the sum of $69,375.00 at the time of Mr.

10  ROSENOER's resignation, and has failed and refused to pay those sums for more than 30 thereafter.

11  Pursuant to the provisions of Labor Code Section 203, Plaintiff is entitled to a penalty in the amount

12  of $7,602, which is his daily rate multiplied by 30 days.

13      WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as set

14  forth fully in the prayer of this complaint.

15

16  **THIRD CAUSE OF ACTION**<br>**(Breach of Employment Agreement-Cancellation of Stock Options)**

17      25.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

18  through 13 of this complaint.

19      26.    The terms of the offer of an employment tendered to Plaintiff by IBM expressly

20  states:

21        Your management has requested you receive a stock option grant of

22        2,000 shares of IBM stock to be granted during one of the three annual
      stock option grant cycles after your employment commences. The

23        grant is subject to appropriate senior management approvals.

24  (See Exhibit A, page 3, second paragraph.)  Plaintiff accepted the offer and began his employment

25  on March 9, 2004.  IBM later granted the Mr. ROSENOER the promised stock option.

26  ///

27.     After leaving IBM, Plaintiff exercised the stock options granted to him by IBM as part of his compensation while an IBM employee. Following the exercise of the stock option granted Plaintiff by IBM, Mr. ROSENOER attempted to sell the stock. However, Plaintiff was later informed that the sale had been improperly cancelled by IBM, once again the stated reason being that Plaintiff had joined a "competitor." IBM's cancellation of the stock options granted represents an express breach of the terms of IBM's offer of employment accepted by Plaintiff when he began his employment on March 9, 2004.

28.     Plaintiff is informed and believes, and on that basis alleges, that the value of the stock IBM improperly cancelled and precluded him from selling was $11,010.00 as of January 9, 2007. Accordingly, as a result of IBM improper cancelling of the stock options granted, Plaintiff has been damaged at least $11,010.00, and greater sums subject to proof at the time of trial.

29.     Plaintiff fully performed all terms associated with the offer of employment tendered to him, and related to the promised grant of a stock option from IBM for 2,000 shares of IBM stock.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as set forth fully in the prayer of this complaint.

## PRAYER

WHEREFORE, Plaintiff JONATHAN ROSENOER demands judgment against Defendants, and each of them, as to his Recovery of Unpaid Wages, as follows:

1.     For compensatory damages in the amount of $69,375.00, representing wages and other compensation owed to Plaintiff on January 1, 2007;

2.     For interest on the amount of $69,375.00 from January 1, 2007;

3.     For reasonable attorney's fees pursuant to Labor Code Section 218.5;

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the court may deem appropriate.

///

///

As to Plaintiff's Second Cause of Action for Waiting Time Penalties demands judgment against defendants as follows:

    1.    For penalties in the amount of $7,602.00 pursuant to Labor Code Section 203;

    2.    For interest on the amount;

    3.    For reasonable attorney's fees pursuant to Labor Code Section 218.5;

    4.    For costs of suit incurred herein; and

    5.    For such other and further relief as the court may deem appropriate.

As to Plaintiff's Third Cause of Action for Breach of Contract demands judgment against defendants as follows:

    1.    Compensatory damages in the amount of $11,010.00, representing the value of the stock IBM improperly cancelled and precluded Plaintiff from selling as of January 9, 2007.

    2.    For interest on the amount of $11,010.00 from January 9, 2007;

    3.    For reasonable attorney's fees pursuant to Labor Code Section 218.5;

    4.    For costs of suit incurred herein; and

    5.    For such other and further relief as the court may deem appropriate.

DATED: December 27, 2007    LIPPENBERGER, THOMPSON, WELCH, SOROKO & GILBERT LLP

By: _____

Darin T. Judd
Attorneys for Plaintiff
JONATHAN ROSENOER

IBM    3*9/0.4
9A5612

9A5612
319/04

3200 Cornwallis Road
Research Triangle Park, NC 27709

March 5, 2004

9A5612
319/04

Jonathan Rosenoer
34 Meadowhill Drive
Tiburon, CA  94920

Dear Jonathan:

Congratulations!  We are delighted that you have decided to join IBM.

Attached are the details of your offer, start date and other key information for your first
day of employment.

We encourage you to access IBM's Pre-employment Connections site prior to your start
date. The site has been designed to provide you with the tools and resources necessary to
onboard and get connected fast.  Find out more by accessing the website at:

http://www.ibm.com/employment/us/newhire/regular_welcome.shtml

Please contact us immediately if you have any questions.

Sincerely,

Karey Phipps
Staffing, 800-334-0435 x 64474

CC June Y. Felix

Attachment

A

March 5, 2004

Attachment to the IBM offer letter to Jonathan Rosenoer for the position of Global Operational Resilience & Risk Executive reporting to June Y. Felix.

The elements of your employment offer are:

This position provides you the opportunity to participate in IBM's Solution Sales Incentive Plan. Under this incentive plan, and based on a full year of employment with IBM, your annual on-target earnings (OTE) is estimated to be $277,500.00. This is the sum of your base salary and target incentive (T/I). This target assumes you achieve 100 percent of your Personal Contribution Objectives as set by your manager and could also include a business performance element. For your reference, your annual base salary is $185,000.00 and your target incentive is $92,500.00.

IBM's incentive plan is designed to drive results focusing on growth and market share. Over-achievement of your incentive objectives can result in significant upside earnings. Incentive payments are earned quarterly.

An internal calculation is made that determines what the base salary would be for your position if you weren't on an incentive plan. In your case, this is a monthly salary of $15,416.70, prorated based on your start date. Those times you aren't eligible for an incentive plan include your first partial month of employment, if you are in training, waiting for a territory assignment, or moving to a position not on an incentive plan. In addition, the internal salary calculation is also used to determine your benefits package.

The IBM company's obligation to make any payment under the Incentive Plan is subject to the condition that you are an active employee of the Company at the end of the period being measured. The exceptions are retirement under a Company Plan, approved leave of absence, death or medical disability. Full details on the terms and conditions of the IBM Sales Incentive Plan will be made available to you upon joining IBM. IBM reserves the right to modify or cancel this program at any time.

As has been discussed, it is not imperative that you relocate to the New York-area at this time. Because of the global nature of your responsibilities, you will need to travel a significant amount of time. However, we may mutually determine over the course of the next year that it would be preferable to have you relocate to the New York-area to more effectively perform in your role. In the event that we come to that conclusion, we will offer you the IBM Mobility Plan in effect at that time.

You will also have the opportunity to participate in IBM benefits. This is an exempt position which means you will not be entitled to overtime compensation. For detailed information on IBM Health Care benefits, visit the Health Care Benefits at IBM site at http://www.ibm.com/employment/us/benefits/.



If you have additional benefits questions after visiting our website, please contact the Employee Services Center at 1-800-796-9876. The Employee Services Center is available weekdays from 8 a.m. to noon, and 2 p.m. to 8 p.m. Eastern time. The text telephone (TTY) at 1-800-426-6537 is available from 8 a.m. to 6 p.m.

Your management has requested you receive a stock option grant of 2,000 shares of IBM stock to be granted during one of three annual stock option grant cycles after your employment commences. The grant is subject to appropriate senior management approvals. Under our plans, options are granted at a price per share determined on the grant date. Stock options are subject to the terms and conditions of the award agreement and the associated Long-Term Performance Plan, which will be provided to you along with additional details, following the date of your grant.

We anticipate your start date to be March 9, 2004.

On your first day of employment, please report to 425 Market St., San Francisco, California. You will meet with Ray Cartwright to complete your paperwork. For further details, please contact Ray at (408) 927-1475.

As is customary at IBM, this offer is contingent upon the completion of our preemployment process: verification of your application materials and your ability to work for IBM without restriction (which means you do not have non-compete obligations or other restrictive clause with your current or former employer; or any non-compete or other restrictions have been disclosed by you and resolved to IBM's satisfaction). In the event the position you are being considered for requires you to operate an IBM owned/leased vehicle, your offer is also contingent upon a review of your driving record. Your employment with IBM will not begin until you have successfully cleared this process.

Your employment is also contingent upon your compliance with the U.S. immigration law. The law requires you to complete the U.S. Government Employment Eligibility Verification form (I-9), and to provide on your first day of employment documents that verify your identity and employment eligibility. For a list of the acceptable documents, refer to the enclosed sample. You must bring the appropriate documentation with you on your first day, as you will be unable to start work without them.

On your first day of employment you will be provided with a copy of IBM's Drug Free Workplace statement as well as a copy of IBM's drug and alcohol testing policy. In addition, you will be required to sign IBM's form regarding confidential information and intellectual property. If you would like to review or discuss this document in advance, please contact me.

IBM employees are required to comply with IBM's Business Conduct Guidelines and to certify that they have read them. Regular IBM employees should also read the current version of the on-line booklet, About Your Job (especially the section entitled Harassment & Inappropriate Behavior) and of the various on-line About Your Benefits



(AYB) booklets, which together replace the content of all prior IBM employee handbooks. You will receive some of these documents in hard copy form during your new employee orientation. Once you have authorized access to the IBM Intranet, you will be able to read and/or print the contents of these documents, via Formal HR Documents on the HR Homepage (http://w3.ibm.com/hr). You may also ask your manager to print a copy for you.

Please read Attachments A&B which refer to IBM's affirmative action programs for individuals with disabilities, special disabled veterans, veterans of the Vietnam era, or Other Covered Veterans included under the amended Veterans Employment Opportunities Act of 1998.

To facilitate the process of transmitting your salary and other compensation payments to you on a timely basis, please bring, if available, your bank/financial institution account information to designate where you want your funds directly deposited via Electronic Funds Transfer.

IBM

## Lori Kantor

**From:** jonathan rosenoer [jrosenoer@gmail.com]
**Sent:** Monday, January 29, 2007 6:57 AM
**To:** Lori Kantor
**Subject:** Fwd: IBM response

——— Forwarded message ———
From: RUSSELL E MANDEL <mandel@us.ibm.com>
Date: Jan 29, 2007 4:59 AM
Subject:
To: jonathan rosenoer <jrosenoer@gmail.com>

Dear Mr. Rosenoer,

I have investigated your concerns regarding your "incentive/bonus" payout for your performance in 2006. I have found that you received your incentive through June in accordance with the Solution Sales Incentive Plan that you were on through June, 2006. I also found that you were fairly placed on the 2006 "U.S. Performance Bonus Program" when you transferred positions in June 2006; and that you were correctly denied a performance bonus in that you joined an IBM competitor when you resigned and as the performance bonus plan document states "...at any time prior to receiving a performance bonus payment, employees who render service to any organization...that is competitive to or in conflict with the interests of IBM, as determined solely by IBM, will not be eligible for a performance bonus payment in 2007 for the 2006 plan year."

While I know this is not the answer you had hoped for, please accept my best wishes for the future.

Russell E. Mandel
Consulting Human Resources Professional
Global Employee Relations
MD 4303
Route 100, Somers, N. Y., 10589
914-766-4170 (t/l 826-4170); Fax: 914-766-8461

2/7/2007

*B*

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **MAY-30-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Darin T. Judd, SBN 160475<br>LIPPENBERGER, THOMPSON & WELCH<br>201 Tamal Vista Blvd.<br>Corte Madera, CA  94925<br>TELEPHONE NO.: (415) 927-5200<br>ATTORNEY FOR *(Name):* Plaintiff | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>FEB  1 2008<br><br>GORDON PARK-LI, Clerk<br>BY: _Bernadette Thompson_<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of San Francisco County
400 McAllister Street, Civil
San Francisco, CA  94102-0000

PLAINTIFF/PETITIONER: Rosenoer

DEFENDANT/RESPONDENT: International Business Machines Corporation

CASE NUMBER:
CGC-07-470547

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
R5902.1

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Civil Case Cover Sheet, Complaint, Summons, Notice to Plaintiff, ADR Packet

3. a. Party served: International Business Machines Corporation

   **BY FAX**

   b. Person Served: CT Corporation - Person authorized to accept service of process

4. Address where the party was served:   818 WEST SEVENTH STREET
   LOS ANGELES, CA  90017

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) or *(date):* 1/31/2008        (2) at *(time):* 3:10 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   International Business Machines Corporation

   under:        CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:        Jimmy Lizama
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA  94947
   c. Telephone number:  415-491-0606
   d. The fee for service was:  $ 14.95
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 4553
         (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 2/1/2008

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

FF# 6656019

ORIGINAL

1   Mitchell F. Boomer (State Bar No. 121441)
2   Janine R. Hudson (State Bar No. 206671)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, California 94105
    Telephone: (415) 394-9400
4   Facsimile: (415) 394-9401

5   Attorneys for Defendant
    INTERNATIONAL BUSINESS MACHINES
6   CORPORATION

**ENDORSED FILED**
**SUPERIOR COURT**
**COUNTY OF SAN FRANCISCO**

**FEB 2 7 2008**

**GORDON PARK-LI, CLERK**
BY: _____
       Deputy Clerk

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

10

11   JONATHAN ROSENOER,

12           Plaintiff,

13       v.

14   INTERNATIONAL BUSINESS MACHINES
    CORPORATION, a New York corporation; and
15   DOES 1 through 50,

16           Defendant.

Case No. CGC-07-470547

**DEFENDANT INTERNATIONAL**
**BUSINESS MACHINES**
**CORPORATION'S ANSWER TO**
**PLAINTIFF'S UNVERIFIED**
**COMPLAINT**

Complaint Filed: December 28, 2007
Trial Date: None Set

17

18       Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION

19   ("Defendant") answers Plaintiff Jonathan Rosenoer's ("Plaintiff") Complaint as follows:

20                    **GENERAL DENIAL**

21       Pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies,

22   generally and specifically, each and every allegation contained in Plaintiff's Unverified

23   Complaint for Damages ("Complaint").

24                **AFFIRMATIVE DEFENSES**

25       By way of affirmative defense to the allegations of the Complaint, Defendant

26   alleges as follows:

27   ///

28   ///

1

### First Affirmative Defense

2    The Complaint, and all causes of action contained therein, fails to state facts

3  sufficient to constitute a cause of action against Defendant.

4

### Second Affirmative Defense

5    Plaintiff is barred from recovering any damages for lost wages, or any recovery for

6  lost wages must be reduced, if and to the extent that Plaintiff failed to exercise reasonable

7  diligence to mitigate his alleged damages, if any.

8

### Third Affirmative Defense

9    Plaintiff's cause of action for breach of contract is barred in whole or in part on the

10  grounds that the terms of any purported oral, written or implied agreement between Plaintiff and

11  Defendant were materially breached and repudiated by Plaintiff, and Plaintiff is entitled to no

12  relief upon such agreement.

13

### Fourth Affirmative Defense

14    Plaintiff's Complaint, and each cause of action set forth therein, is barred in whole

15  or in part on the grounds that, as to each and every purported oral, written, implied or other

16  agreement alleged therein, Plaintiff failed to fulfill conditions precedent to the enforcement of any

17  said agreement.

18

### Fifth Affirmative Defense

19    Plaintiff's cause of action for breach of contract is barred in whole or in part

20  because the contract Plaintiff seeks to enforce was properly and justifiably terminated by

21  Defendant.

22

### Sixth Affirmative Defense

23    Any recovery on Plaintiff's Complaint for written contract, is barred on the

24  grounds that Defendant performed all of its obligations under any alleged contract.

25  ///

26  ///

27  ///

28  ///

1

**Seventh Affirmative Defense**

2    The Complaint and all causes of action contained therein, are barred by the

3 doctrine of waiver, as Plaintiff accepted all the terms and conditions of IBM's Sales Incentive

4 Plan, and knowingly waived benefits for which he would have been eligible had he complied with

5 the Plan's terms and conditions.

6

**Eighth Affirmative Defense**

7    Defendant alleges, on information and belief, that the Complaint, and all causes of

8 action contained therein, are barred by the doctrine of estoppel.

9

**Ninth Affirmative Defense**

10    Any recovery on Plaintiff's Complaint with respect to the allegations of failure to

11 pay wages in violation of California Labor Code section 201 is barred because Defendant

12 complied with all applicable provisions of the California Labor Code, the applicable wage orders

13 of the California Industrial Welfare Commission, and federal law.

14

**Tenth Affirmative Defense**

15    Plaintiff's Second Cause of Action for waiting-time penalties under California

16 Labor Code section 203 is barred on the grounds Defendant acted in good faith and non-willfully.

17

**Eleventh Affirmative Defense**

18    Plaintiff's Complaint and the purported causes of action alleged therein are barred

19 because Plaintiff has received all income, wages and bonuses to which he ever has been entitled

20 during his employ with Defendant IBM.

21    WHEREFORE, Defendant prays for judgment as follows:

22    1.  That Plaintiff take nothing by his Complaint;

23    2.  That the Complaint and each cause of action be dismissed in its entirety

24      with prejudice;

25    3.  That Plaintiff be denied each and every demand and prayer for relief

26      contained in the Complaint;

27    4.  For costs of suit incurred herein, including reasonable attorney's fees, as

28      and where permitted under California law; and

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT   Case No. CGC-07-470547

1        5.    For such other and further relief as the Court deems just and equitable.

2

3    Dated:  February 27, 2008                JACKSON LEWIS LLP

4

5                                       By:  _____

6                                            Mitchell F. Boomer
                                             Janine R. Hudson
7                                            Attorneys for Defendant
                                             INTERNATIONAL BUSINESS
8                                            MACHINES CORPPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT        Case No. CGC-07-470547

1

## PROOF OF SERVICE

2       I, Marilou R. Barairo, declare that I am employed with the law firm of Jackson

3   Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I

4   am over the age of eighteen (18) years and am not a party to this action.

5       On February 27, 2008, I served the attached **DEFENDANT INTERNATIONAL**

6   **BUSINESS MACHINES CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED**

7   **COMPLAINT** in this action by placing a true and correct copy thereof, enclosed in a sealed

8   envelope addressed as follows:

9   Darin T. Judd, Esq. (SBN 160475)              Attorneys for Plaintiff
    Eric D. McFarland, Esq. (SBN 214245)
10  LIPPENBERGER, THOMPSON, WELCH,               JONATHAN ROSENOER
      SOROKO & GILBERT LLP
11  201 Tamal Vista Blvd.
    Corte Madera, CA 94925-1110
12  Tel.: (415) 927-5200
    Fax: (415) 927-5210
13

14  [X]    **BY MAIL**:  United States Postal Service by placing sealed envelopes with the postage
           thereon fully prepaid, placed for collection and mailing on this date, following ordinary
15         business practices, in the United States mail at San Francisco, California.

16  [ ]    BY HAND DELIVERY:  I caused such envelope to be delivered by hand to the above
           address (via Western Messenger).
17

18  [ ]    BY OVERNIGHT DELIVERY:  I caused such envelope to be delivered to the above
           address within 24 hours by overnight delivery service (via Overnite Express).
19

20       I declare under penalty of perjury under the laws of the State of California that the

21  above is true and correct; executed on February 27, 2008, at San Francisco, California.

22

23                                    _____
                                               Belinda Vega
24

25

26

27

28

PROOF OF SERVICE                                          Case No. CGC-07-470547