Mitchell F. Boomer (State Bar No. 121441)
Janine R. Hudson (State Bar No. 206671)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION


Darin T. Judd. (SBN 160475)
Eric D. McFarland (SBN 214245)
LIPPENBERGER, THOMPSON, WELCH,
SOROKO & GILBERT LLP
201 Tamal Vista Boulevard
Corte Madera, California 94925-1110
Telephone: (415) 927-5200
Facsimile: (415) 927-5210

Attorneys for Plaintiff
JONATHAN ROSENOER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ROSENOER,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; and DOES 1 through 50,<br><br>Defendant. | Case No. C 08-1198 PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date:     June 5, 2008<br>Time:    2:30 p.m.<br>Ctrm:    3; 17th Floor<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Complaint Filed:  12/28/2007<br>Case Removed:   02/28/2008<br>Trial Date:          None |

Pursuant to the Court's March 26, 2008 Standing Order and Civil Local Rule 16-9, Plaintiff JONATHAN ROSENOER and Defendant INTERNATIONAL BUSINESS

1

MACHINES CORPORATION (hereinafter collectively referred to as the "Parties") jointly submit the following Case Management Statement.

1. <u>Jurisdiction and Service</u>:

Defendant timely filed a Notice of Removal of this matter from the San Francisco Superior Court under 28 U.S.C. Section 1446(b) within 30 days after receipt of service of Plaintiff's complaint.

This Court has original jurisdiction of this civil action under 28 U.S.C. Section 1332(a), and it is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441(a) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Venue is proper in this Court pursuant to 28 U.S.C. Section 1441(a) and Section 1391(a) because the state action was filed in San Francisco County, a county within this judicial district, and the action arose within this judicial district.

All parties have been served.

2. <u>Facts</u>:

<u>Plaintiff's factual summary</u>:

The following summary is an overview of Plaintiff's position; it does not include all the facts upon which Plaintiff will rely in this case.

Plaintiff Jonathan Rosenoer ("Plaintiff" or "Rosenoer") is a former employee of defendant IBM. In 2004 IBM hired Plaintiff as a Global Operational Resilience & Risk Executive who would work out of IBM's San Francisco, California office. Prior to Plaintiff beginning his employment, IBM confirmed in writing the terms of employment in a letter dated March 5, 2004. The attachment included with the March 5, 2004 letter confirmed that IBM agreed to pay Plaintiff a base salary of $185,000 and an annual bonus of $92,500, the bonus being paid on a quarterly basis. The letter's attachment further confirmed that as part of the terms of his employment, Mr. Rosenoer would also receive a stock option grant of 2,000 shares of IBM stock.

Mr. Rosenoer began his employment with IBM on March 9, 2004. During the full course of his employment, Plaintiff was based out of the IBM company office located at 425 Market Street, San Francisco, California. The business cards, office phone, and mailing address for Mr. ROSENOER while employed by IBM were based out of IBM's Market Street office in San Francisco.

During the last few months of 2006, Plaintiff spoke with his supervisor, Phil Guido of IBM, about the fact that Plaintiff was inclined to leave his employment with IBM. In December of 2006, Mr. Rosenoer advised Mr. Guido and later confirmed in writing that he would be leaving IBM to join a public accounting firm, KPMG, to be based outside of the United States, in Luxembourg. Mr. Rosenoer worked for IBM through the end of 2006. Plaintiff's last day of work at IBM was January 1, 2007.

After leaving IBM, Plaintiff requested payment of the entire bonus he earned for 2006. IBM paid Mr. Rosenoer his bonus for the first quarter of 2006, but failed to pay him the balance due for 2006. The total sum unpaid and due to Plaintiff for his 2006 bonus is $69,375.00.

On or about January 29, 2007, in response to Plaintiff's demand for payment of his bonus, IBM informed him in writing that it would not pay the remaining balance of the 2006 bonus earned by Plaintiff, claiming that Mr. ROSENOER had joined a "competitor." The email surprised Plaintiff because California law specifically prohibits noncompetition clauses from being enforced against California employees such as Plaintiff, and because in all Plaintiff's conversations with his direct manager, and at no time prior to that, had Plaintiff been advised that he would be ineligible for his 2006 bonus if he left the company after it was earned. Plaintiff was further surprised that IBM would seek to enforce a non-compete that was completely undefined, in terms of geographic scope or duration, or even in terms of who might be considered a competitor.

After receiving IBM's email response Plaintiff asked IBM for documentation specifying the definition of a "competitor." Plaintiff was told that there is no definition of a competitor that was available for him to review. IBM's email response confirms that it based its denial solely upon the conclusion that Mr. ROSENOER went to work for a "competitor," and that there exists no other reason to withhold payment of the 2006 bonus Plaintiff earned. Plaintiff inquired further, but received no answer, as to how he would be in competition working for a public audit firm, KPMG, as opposed to the world's largest computer company.

Plaintiff accepted a position as a partner in a Luxembourg firm as opposed to working in the United States as an employee of an American company. In an effort to informally resolve the unpaid bonus issue Plaintiff advised IBM that non-competition agreements are not valid and against public policy with reference to regular employees in California. IBM refused and failed to respond to this information.

After leaving IBM, Plaintiff used the IBM process to exercise the stock options granted to him, and attempted to sell the IBM stock granted to him at hire. Plaintiff attempted to exercise the stock options and sell the stock within the timelines prescribed by IBM. However, Plaintiff was later informed that the sale had been cancelled because he had joined a "competitor." Again, Mr. Rosenoer was told that there is no definition of a competitor that IBM could refer him to. Plaintiff believes that the value of the stock IBM cancelled and precluded him from selling was $11,010.00 as of January 9, 2007.

Defendant's factual summary:

Defendant disputes Plaintiff's factual summary. The following summary is an overview of Defendant's position; it does not include all the facts upon which Defendant will rely in this case.

On March 5, 2004, Defendant IBM ("Defendant" or "IBM"), offered Plaintiff Jonathan Rosenoer the position of Global Operations Resilience & Risk Executive within the Global Financial Market department. When IBM hired Plaintiff for this position, IBM placed him on a "Sales Incentive Plan," which included a base salary and a target incentive. The offer letter and accompanying materials expressly state that the incentive plan was based on the position for which Plaintiff was originally hired. The offer letter further provides that Plaintiff would not be eligible for an incentive plan if he transferred to a position that did not include such a plan.

In or about April 2006, Plaintiff transferred to the position of Senior Business Operations Manager within the GM Financial Services department. This position was not subject to an incentive plan. In his new position, Plaintiff was eligible for a performance bonus through the Company's "U.S. Performance Bonus Programs." An employee is not eligible for a performance bonus, if at any time prior to receiving said bonus payment the employee renders service to any organization that is a competitor of or conflicts with the interests of IBM. In late 2006, Plaintiff notified his supervisors that he was resigning from IBM to join a rival international consulting firm. Thus, by voluntarily ending his employment with IBM and joining a competitor, Plaintiff did not qualify for a potential bonus payment and/or stock options he may have otherwise been granted while employed as a Senior Business Operations Manager in 2006.

3. <u>Principal Legal Issues in Dispute:</u>

<u>Plaintiff's summary:</u>

1. IBM breached its employment agreement with Plaintiff by failing to paid earned bonuses, and cancelling stock options granted.

2. IBM's Sales Incentive Plans and Performance Bonus Programs does violate provision of California Business and Professions Code Section 16600.

<u>Defendant's summary:</u>

3. IBM's Sales Incentive Plans and Performance Bonus Programs do not violate any provision of California Business and Professions Code Section 16600.

//
//

4. <u>Motions</u>:

- Plaintiff plans to file a motion for summary judgment, or partial summary judgment.

- Defendant plans to file a motion for summary judgment, or partial summary judgment.

5. <u>Amendment of Pleadings</u>:

The parties do not plan to amend the pleadings.

6. <u>Evidence Preservation</u>:

- Plaintiff prior to filing his complaint, identified and attempted to preserve and collect all relevant documents and information related to Plaintiff's employment from March 2004 to the present. Plaintiff will continue to do so until the matter is completely resolved. Plaintiff has directed all persons under his control who may possess electronic or physical evidence to preserve and collect same. This includes Plaintiff immediately suspending any document-destruction policies or planned erasures of electronic media as to information that is or may be relevant to issues in this matter.

- Defendant IBM – As a result of Plaintiff's complaint, the Company took immediate steps to identify, preserve and collect all relevant documents and information related to Plaintiff's employment from March 2004 to the present. The Company will continue to do so until the matter is completely resolved. Defendant has directed all persons under its control who may possess electronic or physical evidence to preserve and collect same. This includes the Company immediately suspending any document-destruction policies or planned erasures of electronic media as to information that is or may be relevant to issues in this matter.

7. <u>Disclosures</u>:

To allow the parties sufficient time to complete their respective searches for electronic documents, Initial Disclosures will be simultaneously exchanged by mail on June 13, 2008.

//

//

//

8. <u>Rule 26(f) Proposed Discovery Plan and Stipulated Discovery Limits</u>:

    a.    On May 29, 2008, the parties met and conferred and agreed to exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before June 13, 2008. The parties do not think that changes should be made in the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

    b.    The parties anticipate discovery will be conducted to address all of the issues raised in Plaintiff's complaint and Defendant's defenses asserted in response to the allegations in Plaintiff's complaint.

    c.    The parties are unaware of any issues regarding electronic discovery at this time.

    d.    The parties are unaware of any issues regarding privilege at this time. The parties are in the process of determining whether it is necessary to submit a stipulated protective order for the Court's approval.

    e.    The parties propose the following discovery limitations and changes:

- Non-expert depositions per side: Six
- Interrogatories per side: As provided by Fed. R. Civ. P. 33.
- Document demands per side: As provided by Fed. R. Civ. P. 34.
- Requests for admission per side: As provided by Fed. R. Civ. P. 36.

9. <u>Class Actions</u>:

Not applicable to this case.

10. <u>Related Cases</u>:

The parties are not aware of any related cases.

11. <u>Relief</u>:

<u>Plaintiff's summary</u>:

After leaving IBM, Plaintiff requested payment of the entire bonus he earned for 2006. IBM paid Mr. Rosenoer his bonus for the first quarter of 2006, but failed to pay him the balance due for 2006. The total sum unpaid and due to Plaintiff for his 2006 bonus is $69,375.00.

Plaintiff believes that the value of the stock IBM cancelled and precluded him from selling was $11,010.00 as of January 9, 2007.

Defendant's summary:

Defendant contends that its actions were at all times justified and lawful. Defendant denies it has acted wrongly or unlawfully in any way and further denies any and all claims for damages.

12. Settlement and ADR:

No formal ADR efforts to date. In light of the recent California Supreme Court case addressing the issue of restrictive covenants, *Edwards v. Arthur Andersen,* 142 Cal. App. 4th 603 (2006), application for review granted, 2007 Cal. LEXIS 5314 (Cal., May 23, 2007), Defendant proposes ADR be postponed pending the Court's decision which is expected by early September 2008.

The parties have met and conferred on potential ADR, and have agreed to mediation. Pursuant to Civil L.R. 16-8 and ADR L.R. 3-5, the Parties filed their stipulation regarding the ADR process on May 29, 2008.

For Defendant, if mediation does not resolve this matter, Defendant will proceed with Plaintiff's deposition and witness depositions before revisiting the issue of settlement.

13. Consent to Magistrate Judge For All Purposes:

The parties do not consent to a magistrate judge for all purposes.

14. Other References:

The case is not suitable for non-binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues:

As discussed in Section 12 above, the California Supreme Court's decision in *Edwards v. Arthur Andersen,* scheduled for hearing on May 27, 2008, may be instructive on the issue of the enforceability of Defendant's bonus and stock option policies.

16. Expedited Schedule:

This case is not suitable for expedited procedures.

8

17. <u>Scheduling</u>:

<u>Plaintiff's summary</u>:

Plaintiff proposes a February 2009 trial date. A delay in the trial date creates an extreme financial hardship to Mr. Rosenoer. To allow the parties sufficient time for discovery, ADR and dispositive motions, Plaintiff proposes the following schedule:

| | | |
|---|---|---|
| a. | Non- expert discovery cut off: | September 5, 2008 |
| b. | Non-dispositive motion filing deadline: | September 10, 2008 |
| c. | Dispositive motion filing deadline: | October 6, 2008 |
| d. | Dispositive motion hearing cut off: | December 5, 2008 |
| e. | Fed. R. Civ. P. 26(a)(2) expert disclosures: | November 5, 2008 |
| f. | Fed. R. Civ. P. 26(a)(2) rebuttal disclosures | December 8, 2008 |
| g. | Expert discovery cut off: | January 2, 2009 |
| h. | Pretrial Conference: | Per the Court |
| i. | Trial: | February 16, 2009 |

<u>Defendant's summary</u>:

Defendant proposes a December 2009 trial date. To allow the parties sufficient time for discovery, ADR and dispositive motions, Defendant proposes the following schedule:

| | | |
|---|---|---|
| a. | Non- expert discovery cut off: | May 5, 2009 |
| b. | Non-dispositive motion filing deadline: | June 10, 2009 |
| c. | Dispositive motion filing deadline: | August 5, 2009 |
| d. | Dispositive motion hearing cut off: | September 9, 2009 |
| e. | Fed. R. Civ. P. 26(a)(2) expert disclosures: | June 19, 2009 |
| f. | Fed. R. Civ. P. 26(a)(2) rebuttal disclosures | July 15, 2009 |
| g. | Expert discovery cut off: | September 1, 2009 |
| h. | Pretrial Conference: | Per the Court |
| i. | Trial: | December 7, 2009 |

18. <u>Trial</u>:

- Plaintiff has demanded a jury trial and estimates three to four (3-4) days for trial.

- Defendant estimates three to four (3-4) days for trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

- Plaintiff JONATHAN ROSENOER, pursuant to Civil Local Rule 3-16, hereby submits that as of this date, other than the named parties, there is no such interest to report.

- On February 28, 2008, Defendant filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. As required by the Northern District of California's Standing Order, Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION hereby submits that the following listed persons, associations of persons, firms, partnerships, corporations, or other entities, (i) have a financial interest in the subject matter in controversy, or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding:

   (a)   International Business Machines Corporation, a New York corporation.

20. <u>Other Matters that May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter:</u>

The parties are unaware of any additional matters at this time.

Respectfully submitted,

Dated: May 29, 2008                    JACKSON LEWIS LLP


By: __/s/ Janine R. Hudson__
Mitchell F. Boomer
Janine R. Hudson
Attorneys for Defendant
INTERNATIONAL BUSINESS
MACHINES CORPORATION

| | | |
|---|---|---|
| 1 | Dated: May 29, 2008 | LIPPENBERGER, THOMPSON, WELCH, SOROKO & GILBERT LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Darin T. Judd |
| 5 | | Eric D. McFarland<br>Attorneys for Plaintiff |
| 6 | | JONATHAN ROSENOER |

[THIS SPACE INTENTIONALLY LEFT BLANK]

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT AND [PROPOSED] ORDER                Case No. CV-08-1198 PJH

1
## CASE MANAGEMENT ORDER

2       The Case Management Statement and [Proposed] Order are hereby adopted by the Court

3 as the Case Management Order for the case and the parties are ordered to comply with this Order.

4 In addition the Court orders:

5

6

7

8

9

10    Dated: _____

                              THE HONORABLE PHYLLIS J. HAMILTON

11                               UNITED STATES DISTRICT COURT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT AND [PROPOSED] ORDER                       Case No. CV-08-1198 PJH